**Sandra KANTROWITZ, Appellant, and American Public Health Association, Inc.,**

v.

**Caspar WEINBERGER, Individually and in his official capacity as Secretary of the U. S. Department of Health, Education and Welfare.**

No. 74–2103.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 20, 1975.

Decided Jan. 28, 1976.

Jonathan A. Weiss, New York City, with whom Patricia Butler, Los Angeles, Cal., was on the brief for appellants. Florence W. Roisman, Washington, D. C., also entered an appearance for appellants.

Robert E. Hauberg, Jr., Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Stuart M. Gerson and Robert M. Werdig, Jr., Asst. U. S. Attys., were on the brief for appellee.

**3.** *Id.* at 1028.

**4.** *Id.* at 1031.

Before DANAHER, Senior Circuit Judge, WILKEY, Circuit Judge, and VAN PELT,* United States Senior District Judge for the District of Nebraska.

PER CURIAM:

Having found that the issues had been fully briefed and argued on cross-motions for summary judgment and that there were no material issues of fact in dispute, a three-judge court [1] entered judgment for the appellee. American Public Health Association, Inc., co-plaintiff in the district court, has not appealed. The complaint had alleged, as presently pertinent,[2] that 42 U.S.C. § 1396d(a)(B) is invalid as denying equal protection and due process in its proscription of payments with respect to care or services to persons between the ages of 21 and 65 who are patients in institutions for mental diseases.

The present appellant for several years had been suffering from a severe mental disorder and had undergone treatment in New York institutions. Her New York physician recommended that she become, and she was accepted as, a patient in a *private* non-profit mental hospital, the Delaware Valley Mental Hospital Foundation, in Doylestown, Pennsylvania. New York City and State agencies had declined to pay[3] for her institutional care in the facilities of the *private* Foundation.

Aged 34 when this action was brought, she was within the exclusion of Federal payment for care and services for one who is less than 65 years of age and a patient in an institution for mental diseases.[4]

Such was the background from which emerged the appellant's claims before the three-judge court.

We have carefully considered the record, the helpful briefs of respective counsel, and the opinion of Judge Gesell writing for the three-judge court in *Kantrowitz v. Weinberger*, 388 F.Supp. 1127 (D.D.C.1974). The reasoning there and the conclusions reached by the three-judge court have persuaded us that we must affirm on that opinion.

Judgment accordingly.

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. The members of the court were Circuit Judge Tamm and District Judges Smith and Gesell.

2. The claims on behalf of tubercular patients were dismissed for lack of jurisdiction.

3. The New York ruling was that the Pennsylvania facility is not part of a general or chronic disease hospital, see 42 U.S.C. § 1396d(a), (b). *Compare Legion v. Richardson*, 354

F.Supp. 456 (S.D.N.Y.) and discussion in the opinion of the three-judge court at 458; *aff'd sub nom. Legion v. Weinberger*, 414 U.S. 1058, 94 S.Ct. 564, 38 L.Ed.2d 465 (1973), *rehearing denied*, 415 U.S. 939, 94 S.Ct. 1459, 39 L.Ed.2d 498 (1974).

4. *See* 42 U.S.C. § 1396d(a)(16) as to in-patient psychiatric hospital services for individuals under age 21.